**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**IDA DAVIS**, *Individually, and on behalf of herself and others similarly situated,*

Plaintiff,

vs.

**CONCORDE CAREER COLLEGES, INC.**,

Defendant.

Case No. _____

FLSA Collective Action
**JURY DEMANDED**

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff, Ida Davis ("Plaintiff"), individually, and on behalf of herself and others similarly situated as a class, sues the Defendant, Concorde Career Colleges, Inc. ("Defendant") and alleges as follows:

**I. INTRODUCTION**

1. Plaintiff was employed by Defendant as a full-time, hourly-paid instructor and brings this action for unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Defendant provides health care and dental professional training at its various colleges in the United States, including one in Memphis, Tennessee at which location Plaintiff was employed during all times material.

3. This action is intended to include each and every similarly situated full-time, hourly-paid instructor who has worked for Defendant anywhere in the United States at any time within the

1

past three (3) years.

## II. COVERAGE

4. Defendant is and/or has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA.

5. During Plaintiff's employment with Defendant, it earned more than $500,000.00 per year in gross sales.

6. During Plaintiff's employment with Defendant, it employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce.

7. Thus, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## III. JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant to perform work in this district and said Defendant has conducted business within this district at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District.

## IV. PARTIES

10. Defendant is a Delaware Corporation with its principal address located at 5800 Fox Ridge Drive, #500, Mission, Kansas 66202. According to the Tennessee Secretary of State, Defendant may be served through Registered Agent Solutions, Inc., Suite B, 992 Davidson Drive, Nashville, TN 37295-1051.

11. Plaintiff Ida Davis is an adult citizen of the United States and was employed as a full-time, hourly-paid instructor by Defendant in this district during all times relevant to this action. Plaintiff Davis' "Consent to Join" is attached as *Exhibit A*.

## V. FACTUAL ALLEGATIONS

12. Plaintiff and those similarly situated worked as full-time, hourly-paid instructors for Defendant during the relevant statutory period.

13. Defendant employed Plaintiff and many other similarly situated full-time, hourly-paid instructors throughout the United states and failed to compensate for them for all their compensable work time, as required by the FLSA.

14. Plaintiff and those similarly situated routinely worked for Defendant 40 or more hours per week within weekly pay periods during all times material to this action.

15. During the statutory period, Defendant had a common plan, policy and practice of requiring, inducing, expecting, encouraging and suffering and permitting, Plaintiff and those similarly situated to communicate with students by text messaging and via other forms of communication, many times on a daily basis after clocking-out of their scheduled shifts and during off-duty hours, without compensating them for such time as required by the FLSA.

16. Plaintiff and those similarly situated did so communicate with students by text messaging and through other forms of communication several time a day after clocking out of their scheduled shifts and, during off-duty hours, within weekly pay periods during all times material to this action, without being paid at the applicable FLSA overtime compensation rates of pay for such "off-the-clock" work time.

17. Defendant had a common plan, policy and practice of requiring, inducing, expecting, encouraging and, suffering and permitting, Plaintiff and those similarly situated to

3

communicate with students having difficulties with their studies via emails and telephone calls after clocking-out of their scheduled shifts and during off-duty hours without compensating them for such time as required by the FLSA – during all times material to this action.

18. Plaintiff and those similarly situated did so communicate with students having difficulties with their studies via emails and telephone calls after clocking out of their scheduled shifts and during off-duty hours, within weekly pay periods during all times material to this action, without being paid at the applicable FLSA overtime compensation rates of pay for such "off-the-clock" work time.

19. Defendant had a common plan, policy and practice of requiring, inducing, expecting, encouraging and, suffering and permitting, Plaintiff and those similarly situated to contact students and remind them of their scheduled class periods before clocking-in to their scheduled shifts and during off-duty hours, without compensating them for such time as required by the FLSA – during all times material to this action.

20. Plaintiff and those similarly situated did so contact students and remind them of their scheduled class periods before clocking-in to their scheduled shifts and, during off-duty hours, within weekly pay periods during all times material to this action, without being paid at the applicable FLSA overtime compensation rates of pay for such "off-the-clock" work time.

21. Defendant had a common plan, policy and practice of requiring Plaintiff and those similarly situated to complete various types of paperwork, such as the preparation of lesson plans, during off-duty hours and without compensating them for such time as required by the FLSA – during all times material to this action.

22. Plaintiff and those similarly situated did so complete various paperwork, such as the preparation of lesson plans, during off-duty hours within weekly pay periods during all times

4

material to this action, without being paid at the applicable FLSA overtime compensation rates of pay for such "off-the-clock" work time.

23. Defendant knew, and was aware at all relevant times, it was not compensating Plaintiff and those similarly situated for all their aforementioned "off-the-clock" work time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this college action.

24. Defendant willfully and, with reckless disregard to established FLSA requirements, failed to pay Plaintiff and those similarly situated the applicable s overtime compensation rates of pay within weekly pay periods during the relevant statutory period for all the aforementioned "off-the-clock" work time.

25. Defendant failed to pay Plaintiff and those similarly situated the applicable d overtime compensation rates of pay within weekly pay periods during the relevant statutory period for all the aforementioned "off-the-clock" work time – without a good faith basis for such failure.

26. As a result of Defendant's bad faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as having suffered other damages.

27. Defendant's common plan, policy and practice of failing to compensate Plaintiff and those similarly situated for all their aforementioned "off-the-clock" work time was a scheme employed as a means to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at their expense.

## VI. CLASS DESCRIPTION

28. Plaintiff brings this action on behalf of the following similarly situated persons:

   All individuals who were employed by Concorde Career Colleges, Inc. as full-time,

hourly-paid instructors and who performed work for Defendant anywhere in the United States at any time during the applicable statutory period covered by this Collective Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## VII. COLLECTIVE ACTION ALLEGATIONS

29. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

30. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

31. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

32. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are more than several hundred individuals within the class.

33. The claims of Plaintiff are typical of the claims of the class.

34. Plaintiff and other members of the class who worked for Defendant were subjected to the same compensation plans, policies, and practices, including the failure of Defendant to pay Plaintiff and class members for all their aforementioned "off-the-clock" within weekly pay periods at the applicable FLSA overtime rates of pay, during all times material to this collective action.

35. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Defendant required Plaintiff and other members of the class to work hours in excess of forty (40) per week within weekly pay periods of the limitations' period, without being compensated at one and one-half times their regular hourly rate of pay for all such overtime hours;

- Whether Defendant failed to pay Plaintiff and other members of the class all applicable overtime wages for all hours worked in excess of forty (40) hours per week within weekly pay periods during all times relevant to this action;

- The correct statutes of limitations for Plaintiff's claims and the claims of the other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendant is liable for interest, attorneys' fees and costs.

36. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

37. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for other members of the class to individually seek redress for the wrongs done to them.

38. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful pay policies, practices, and procedures implemented and

administered by Defendant.

39. The aforementioned unpaid "off-the-clock" claims of Plaintiff and class members are unified though a common theory of Defendant's FLSA violations.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

40. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

41. During their employment with Defendant, Plaintiff and other full-time, hourly-paid instructors worked more than forty (40) hours per week within weekly pay periods but were not paid overtime compensation for such work time as required by the FLSA.

42. Defendant's failure to pay Plaintiff and class members one and one-half times the proper regular hourly rate of pay for all their hours worked in excess of forty (40) per week within weekly pay periods during all times material was willful and, with reckless disregard to established FLSA overtime compensation requirements and, without a good faith basis for such failure.

43. As a result of Defendant's intentional, willful and unlawful acts in failing to pay Plaintiff and other class members complete overtime compensation, Plaintiffs and class members have suffered lost wages and other recoverable damages, plus reasonable attorneys' fees and costs.

44. The unpaid overtime claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, individually and on behalf of herself and all other similarly situated members of the class, demand judgment against Defendant as well as to request this Court to grant

the following relief against said Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime to Plaintiffs and other members of the class;

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Defendant willfully violated the FLSA;

H. Award a reasonable incentive/assistance award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other class members and the risks she has undertaken in doing so; and

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: September 4, 2020.                    Respectfully Submitted,

*s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*
*nbishop@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES***